IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMERICAN CASUALTY
COMPANY OF READING, PA., as
assignee and subrogee of First Federal
Savings Bank,

        Plaintiff,

v.                                    No. CIV 97-529 BB/WWD

MELISSA ACUNA, a/k/a Melissa
Miranda, and RICHARD ACUNA,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's motion for summary judgment, and the *pro se* Defendants having failed to respond, the Court FINDS entry of summary judgment is appropriate under D.N.M.LR-Civ. 7.5(b). Moreover, after review of Plaintiffs' motion and brief, the Court is persuaded neither justice nor equity would be offended by entry of such an order.

## Discussion

Plaintiff filed suit on April 18, 1997, seeking recovery based on conversion. Local attorney Lorenzo Tapia entered and answered and represented the Defendants until December 5, 1997, when Mr. Tapia sought, and was granted, leave to withdraw based on the Defendants failure to cooperate with counsel.

Plaintiff filed a motion for summary judgment on March 28, 1998. Defendants' response was due within fourteen calendar days after service of the motion. D.N.M.LR-Civ. 7.6(a). Pursuant to D.N.M.LR-Civ. 7.5(b), failure to serve or file "a response in opposition to any motion constitutes consent to grant the motion." By failing to respond, Defendants have thus consented to entry of judgment.

Nor is the Court persuaded entry of such a summary judgment would be unjust in these circumstances. It is undisputed Defendant Melissa Acuna plead guilty to a criminal information charging her with depositing "to her personal savings account at First Federal Savings Bank of New Mexico ["First Federal"] checks payable to First Federal and transferring amounts from the general ledger at First Federal into her private account as well as forging checks drawn on First Federal and making them payable to herself or her creditors." *United States v. Melissa Jo Acuna*, No. CR 97-93 MV (Plea Agreement filed Feb. 21, 1997). Nor is it disputed the Plaintiff American Casualty Company made payment to First Federal as a result of Melissa's theft and thus became the assignee and subrogee of First Federal's claims. Melissa's admissions are substantial evidence and certainly support entry of an uncontested summary judgment. *See Svejcara v. Whitman*, 487 P.2d 167, 168 (N.M. App. 1971).

Plaintiff's claims as to Defendant Richard Acuna are that during the time of Melissa's conversions, they jointly owned the Blues Coffee Bar and that Richard knew Melissa was putting the proceeds of her theft into that establishment. In the initial

pretrial report, Richard and Melissa stipulated they "were the owners and operators of Blues Coffee Bar during the period June 1995 to October 1, 1996; it was during that time that the Blues Coffee Bar underwent renovation." Again, summary judgment appears appropriate. *Wilson v. Raintree Inns of Am., Inc.*, 76 F.3d 394, 1996 WL 48857 (10th Cir. 1996).

### **O R D E R**

For the above stated reasons, Plaintiff's motion for summary judgment [#21] is **GRANTED**.

Dated at Albuquerque this 13th day of April, 1998.

 

 

*/s/ Bruce D. Black*
BRUCE D. BLACK
United States District Judge


Counsel for Plaintiff:

 Michael A. Gross, Dines, Wilson, Gross & Esquivel, Albuquerque, NM

Counsel for Defendants:

 Melissa and Richard Acuna, *Pro Se*, Roswell, NM